


Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JAMES R. DENGER, et al., | CASE NO. SACV 07-00623-SGL |
| Plaintiffs, | |
| v. | ORDER DISMISSING COMPLAINT |
| GEORGE W. BUSH, et al., | |
| Defendants. | |

On May 30, 2007, plaintiffs James R. Denger and John Walkowiak filed a document entitled "Petition to Government for Redress" which this Court construes as a complaint against President George W. Bush, Courtroom Deputy Clerk Stephanie Mikhail, and Hon. David O. Carter, United States District Judge. The complaint asserts that plaintiffs seek "redress of grievances pursuant to the Magna Carta, Article 61, as modified by U.S. Constitution." Specifically, plaintiffs complain that Judge Carter and Stephanie Mikhail (Judge Carter's courtroom deputy clerk) entered into a conspiracy to deprive plaintiffs their constitutional rights by refusing to file plaintiffs' answer and counterclaims in another case, <u>Barry Cisneros of Coracle Group v. John Walkowiak and Jim Denger</u>, case number SACV 07-117 DOC (VBKx). <u>See</u> Complaint ¶ 37; <u>see also</u> SACV 07-117 DOC (VBKx), docket #8.

For the reasons set forth below, the complaint is **DISMISSED** with prejudice.

*THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).*

1     A complaint may be dismissed for failure to state a claim "if it is clear that no
2 relief could be granted under any set of facts that could be proved consistent with the
3 allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
4 Gibson, 355 U.S. 41, 45-46 (1957)); see also Omar v. Sea-Land Service, Inc., 813 F.2d
5 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under
6 Fed.R.Civ.P. 12(b)(6) . . . . Such dismissal may be made without notice where the
7 claimant cannot possibly win relief."). The United States Supreme Court has
8 emphasized that, "'when a federal court reviews the sufficiency of a complaint, before
9 the reception of any evidence either by affidavit or admissions, its task is necessarily a
10 limited one. The issue is not whether a plaintiff will ultimately prevail but whether the
11 claimant is entitled to offer evidence to support claims. . . .'" Bell Atlantic Corp. v.
12 Twombly, 127 S.Ct. 1955, 1981 (2007) (quoting Scheurer v. Rhodes, 416 U.S. 232, 236
13 (1974)).
14     Here, plaintiffs' pleading in case number SACV 07-117 DOC (VBKx), which
15 purportedly comprised plaintiffs' answer, crossclaim, and counterclaim in that action,
16 was ordered rejected and not filed by Hon. David O. Carter because the document
17 contained several deficiencies. Specifically, according to the record, the document did
18 not comply with Local Rule 19-1 (pleading included more than 10 Does or fictitiously
19 named parties); the document did not comply with Federal Rule of Civil Procedure 5(d)
20 (no proof of service attached to document); and the document's caption did not clearly
21 indicate the counterclaim and cross-claim parties or contain the title of the document.
22 See SACV 07-117 DOC (VBKx), docket #8.
23     Such an action is by no means without precedent; in fact, courts routinely
24 exercise such discretion. See, e.g., Thompson v. Housing Auth. of Los Angeles, 782
25 F.2d 829, 831 (9th Cir.1986) ("We have repeatedly upheld the imposition of the
26 sanction of dismissal for failure to comply with pretrial procedures mandated by local
27 rules and court orders."); Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (court
28 properly dismissed action where plaintiff failed to comply with court order); Carey v.

King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (court properly dismissed action where plaintiff failed to provide change of address in violation of local rules); United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979) (failure to follow a district court's local rules is a proper ground for dismissal). Plaintiffs cite no authority, nor is this Court aware of any, which provides that such a well-sanctioned administrative action can form the basis of a claim against a federal judge and his courtroom deputy (let alone, the President of the United States). Thus, plaintiffs' complaint fails to state a claim, and this Court finds that it is beyond doubt that plaintiffs cannot prove any set of facts entitling them to relief.

Moreover, even assuming plaintiffs could state a claim, judicial and quasi-judicial immunity bars this action, as plaintiffs in this matter have no extraordinary grounds to sue a judicial officer or his staff for the discharge of judicial or quasi-judicial duties. See Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (federal judges are entitled to absolute immunity for all judicial acts unless they act entirely without jurisdiction); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (observing that "even a conspiracy between a judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges"); O'Neil v. City of Lake Oswego, 642 F.2d 367, 368 n. 3 (9th Cir.1981) (absolute judicial immunity applies to a § 1983 claim); Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.1991) ("it is plain from the reasoning underlying our prior decisions that the judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity"); Mullis v. United States Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks have

absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process).[1]

As for defendant George W. Bush, based on the allegations in the complaint, this Court finds that it is beyond doubt that plaintiff does not allege any colorable claim against the President of the United States.

Accordingly, the complaint is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATE: 9-4-07

*(signature)*
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs themselves recognize the "'boat load'" of "'case law'" supporting the principle of judicial immunity. See Complaint, ¶ 142.

4